FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 20, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHAD A. PIERCE,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON, et. al.<br><br>　　　　　　　　Defendants. | NO: 2:24-CV-0385-RLP<br><br>ORDER OF DISMISSAL |

　　　Plaintiff Chad A. Pierce, proceeding *pro se* and *in forma pauperis*, filed a Complaint in this Court on November 12, 2024. ECF No. 1. Defendants have not been served. The Court has conducted the required screening of the Complaint under 28 U.S.C. § 1915(e)(2) and determines Mr. Pierce's claims do not survive screening. The Court **will not** direct service of the Complaint upon Defendants (ECF No. 4) and **DENIES** Mr. Pierce's Motion for Appointment of Pro Bono Counsel (ECF No. 6).

　　　The Court has carefully reviewed the Complaint and, given Mr. Pierce's *pro se* status, construes the pleadings liberally with the benefit of the doubt given to

ORDER OF DISMISSAL - 1

Mr. Pierce. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

## PLAINTIFF'S ALLEGATIONS

Mr. Pierce has listed three defendants, the State of Washington, Washington Attorney General Bob Ferguson, and Washington Governor Jay Inslee. ECF No. 1 at ¶ 1. Mr. Pierce alleges various constitutional violations including "(a) Fourth Amendment right to be free from unlawful searches and seizures and arrest without a warrant, (b) Fifth Amendment right to remain silent, (c) Fourteenth Amendment right to Equal Protection of the Laws and the Due Process Clause, (d) 18 U.S.C. §§ 921(3)(a-d), 16(A)(B)(i-ii)(C), and the United States Constitution, Article VI, Clause 2." *Id.* at ¶ II. The facts alleged are as follows.

Mr. Pierce is a previously convicted felon and is precluded from owning a firearm. ECF No. 1 at 3. He purchased an "antique firearm" Pietta Navy colt .44 revolver muzzleloader that he alleges is excluded under the definition of a "firearm" for criminal law purposes. *Id.* at 4. On October 20, 2024, while living with his girlfriend, Mr. Pierce alleges he witnessed two individuals placing something shiny in his neighbor's mailbox. *Id.* Believing the item to potentially be a pipe bomb, Mr. Pierce confronted the individuals and told them to remove whatever they had placed in the mailbox. *Id.* The individuals removed the item and "took off running," and one of them reportedly threatened Mr. Pierce's life while

ORDER OF DISMISSAL - 2

1    doing so. Mr. Pierce responded he would "blow off their heads off," then retrieved

2    the sheathed .44 antique muzzleloader from his residence. *Id.* He claims he did not

3    point the gun at the individuals but did raise it to adjust the strap on the sheath. He

4    alleges the threat he made was a reasonable use of force. *Id.*

5        The fleeing individuals subsequently called 911, and several officers,

6    including Sergeant Joseph Westby, arrived at Mr. Pierce's home to question him.

7    *Id.* at 5. Mr. Pierce showed Sgt. Westby video footage of the incident captured by

8    his home security camera. *Id.* After, he claims Sgt. Westby asked him to admit he

9    pointed the gun at the individuals, but Mr. Pierce refused to do so and told Sgt.

10   Westby, "it was clearly self-defense." *Id.* at 6. According to Mr. Pierce, Sgt.

11   Westby then demanded the muzzleloader and the security camera hard drive. *Id.*

12   After Mr. Pierce refused to turn over the muzzleloader and security camera hard

13   drive, Sgt. Westby arrested Mr. Pierce, despite previously stating Mr. Pierce would

14   not be arrested. *Id.* He was then read his *Miranda*[1] rights. *Id.* Sgt. Westby later

15   obtained a search warrant, and several items were seized as evidence. *Id.* at 7.

16       Mr. Pierce was charged with two counts of each of the following: felony

17   harassment under RCW 9A.46.020.2B, aiming or discharging a "firearm" under

18

19

20   _____
     [1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

ORDER OF DISMISSAL - 3

1  RCW 9.41.230, and unlawful possession of a "firearm" under RCW 9.41.040.1A.
2  *Id.* at 7.
3      Mr. Pierce contends the exchange with Sgt. Westby is evidence of unlawful
4  custodial interrogation; Sgt. Westby lacked probable cause to arrest him; Sgt.
5  Westby did not have probable cause for the search warrant to search his residence
6  for all firearms and accessories; and the found and seized firearms, including two
7  .50 caliber muzzleloaders, legally belonged to his girlfriend. *Id.* at 6-7.
8  He further contends the muzzleloader does not qualify as a "firearm" pursuant to
9  the Gun Control Act of 1968 and the Supremacy Clause. *Id.* at 8. Mr. Pierce asks
10 this Court to enter a permanent injunction preventing the State of Washington from
11 charging and prosecuting him based on what he argues is his lawful right to
12 possess a "muzzle loader." *Id.* at 15, 17. He also requests the Court issue an order
13 enjoining Defendants from the continued seizure of the .44 caliber antique firearm
14 muzzleloader and his .50 caliber CVA Wolf "muzzle loader." *Id.* at 17.

### STANDARDS

16     Congress established that when a complaint is filed *in forma pauperis*, "the
17 court shall dismiss the case at any time if the Court determines" the action is: (1)
18 "frivolous or malicious"; (2) "fails to state a claim on which relief may be
19 granted"; or (3) "seeks monetary relief against a defendant who is immune from
20 such relief." 28 U.S.C. § 1915(e)(2). Courts may screen complaints brought by

*pro se* claimants and claimants proceeding *in forma pauperis* to determine whether they raise cognizable claims. *See, e.g., O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (noting that "section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners"); *Preciado v. Salas*, 2014 WL 127710, at *1 (E.D. Cal. Jan. 14, 2014) ("The Court is required to screen complaints brought by plaintiffs proceeding *pro se* and *in forma pauperis*.")

The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Allegations that are "mere conclusions[] are not entitled to the assumption of truth." *Id*. The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Where the plaintiff is *pro se*, a court must liberally construe the filings and give the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 1995).

## DISCUSSION

Mr. Pierce alleges his personal rights were violated under the Fourth, Fifth, and Fourteenth Amendments by law enforcement during the events leading up to and following his arrest. ECF No. 1 at 2. He also alleges the charges are incorrect because they use an unconstitutional definition for the term "firearm." *Id.* Mr. Pierce argues that all of Washington's statutes, laws, the Washington Administrative Code ("WAC"), and the Washington Pattern Jury Instructions ("WPI") impermissibly group antique firearms and muzzle loaders under the term "firearms" for the purposes of criminal charges. *Id.* at 11. He argues the federal Gun Control Act 18 U.S.C. § 921 et seq. excludes antique guns and muzzle loaders as firearms for criminal purposes, and Washington is therefore preempted from including them in that category. *Id.* at 14-15. He seeks to enjoin the State of Washington from charging and prosecuting him based on what he argues is his lawful right to possess a "muzzle loader," and to enjoin Defendants from continued seizure of his two firearms. *Id.* at 16-17.

Notwithstanding Mr. Pierce's various contentions, it appears from the Complaint that the state proceedings in this matter have not yet concluded. Indeed, the Complaint indicates Mr. Pierce "is still criminally charged." *Id.* at 16. Additionally, the firearms Mr. Pierce seeks to be released from seizure in his

ORDER OF DISMISSAL - 6

1  second request for relief are the basis for the unlawful possession of firearms

2  charge. Thus, that request is inextricably intertwined with the ongoing state court

3  proceedings.

4      A federal court generally must abstain from interfering with ongoing state

5  judicial proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). The Ninth

6  Circuit has held abstention is required where the state judicial proceedings are: (1)

7  ongoing; (2) involve issues of important state interest; (3) afford adequate

8  opportunity for the plaintiff to raise the constitutional claims; and (4) the relief

9  requested "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing

10 state judicial proceedings. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018).

11 However, even if *Younger* abstention is appropriate, "federal courts do not invoke

12 it if there is a 'showing of bad faith, harassment, or some other extraordinary

13 circumstance that would make abstention inappropriate.'" *Id.* at 765-66.

14     Having taken all the facts alleged in the complaint as true, the Court finds all

15 four factors requiring abstention are met here. First, the state judicial proceedings

16 against Mr. Pierce are ongoing. Second, they concern criminal matters which are

17 important state interests. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir.

18 2003). Third, Mr. Pierce has not demonstrated the state judicial proceedings do not

19 "afford an adequate opportunity to raise the constitutional claims," nor does he

20 provide authority that state law would bar him from doing so. *Middlesex Cnty.*

ORDER OF DISMISSAL - 7

*Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 432 (1982) (quoting *Moore v. Sims*, 442 U.S. 415, 430 (1979)). Fourth, based on the allegations and requested relief, Mr. Pierce seeks to enjoin an ongoing state criminal proceeding. *Younger* abstention is appropriate here, and as there is no indication of bad faith, harassment, or some other circumstance that makes abstention inappropriate, the Court must abstain from interfering.

Therefore, the Court dismisses Mr. Pierce's complaint without prejudice.

**ACCORDINGLY, IT IS ORDERED:**

1. Mr. Pierce's Complaint, **ECF No. 1**, is **DISMISSED**.

2. Mr. Pierce's Request for Service, **ECF No. 4**, is **DENIED as moot**.

3. Mr. Pierce's Request for Appoint of Pro Bono Counsel, **ECF No. 6**, is **DENIED as moot**.

The District Court Executive is directed to enter this Order, forward a copy to Plaintiff Chad Alan Pierce, **enter judgment**, and **close** the file. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** December 20, 2024.

REBECCA L. PENNELL
United States District Judge